UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BIENVENUE MBITUYIMANA,

       Petitioner,

v.

UNKNOWN PARTY #1 et al.,

       Respondents.
_____/

Case No. 1:26-cv-1915

Hon. Hala Y. Jarbou

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, accept jurisdiction over this action and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.8.)

In an order entered on June 25, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 5.) Respondents filed their response on June 30, 2026 (ECF No. 6), and Petitioner filed his corrected reply on July 9, 2026 (ECF No. 11).[1]

## II.     Relevant Factual Background

Petitioner is a native and citizen of the Democratic Republic of the Congo. (Courtney Decl. ¶ 4, ECF No. 6-1, PageID.66.) Petitioner entered the United States as a refugee on September 30, 2015. (*Id*.) On October 23, 2017, the United States Citizenship and Immigration Services (USCIS) approved Petitioner's Application to Register Permanent Residence or Adjust Status, and granted him permanent resident status, retroactive to September 30, 2015. (*Id*. ¶ 5.)

On December 23, 2020, Petitioner was convicted of Second-Degree Criminal Sexual Conduct (personal injury) in the 17th Judicial Circuit Court located in Grand Rapids, Michigan. (*Id*. ¶ 6.)

On February 8, 2021, ICE agents encountered Petitioner and lodged an Immigration Detainer-Notice of Action. (*Id*. ¶ 7, PageID.67.) On December 21, 2021, ICE agents served Petitioner with a Warrant of Arrest and a Notice to Appear (NTA) and arrested Petitioner. (*Id*. ¶¶ 8–9.) The NTA charged Petitioner "with removability pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA) in that at any time after admission he had been convicted of an aggravated felony, to wit: a crime of violence." (*Id*. ¶ 9.)

On February 9, 2022, an immigration judge denied Petitioner's request to be released on a bond and found that Petitioner was subject to mandatory detention. (*Id*. ¶ 10.) On March 1, 2022,

---

[1] Petitioner filed an unsigned reply on July 2, 2026. (Unsigned Resp., ECF No. 8.) The Court ordered Petitioner to file a signed copy of his reply no later than July 27, 2026. (Conditional Order, ECF No. 10.) On July 9, 2026, Petitioner filed his corrected response, and on July 14, 2026, Petitioner filed the signature page for his  original reply. (Corrected Resp., ECF No. 11; Signature Page, ECF No. 13.)

Petitioner submitted an Application for Asylum and Withholding of Removal to the Detroit Immigration Court. (*Id*. ¶ 11.)

On April 20, 2022, a Detroit immigration judge denied Petitioner's applications for Asylum and Withholding of Removal and ordered Petitioner removed from the United States. (*Id*. ¶ 12, PageID.68.) The immigration judge granted Petitioner's application for deferral of removal to the Democratic Republic of the Congo under the United Nations Convention Against Torture. (*Id*.) On June 20, 2022, Petitioner was released from ICE custody on an Order of Supervision. (*Id*. ¶ 13.)

Petitioner was again taken into custody by ICE agents on December 9, 2025. (*Id*. ¶ 14.) On December 12, 2025, Petitioner was convicted in the 48th Circuit Court in Allegan, Michigan of aggravated indecent exposure and interfering with a police investigation. (*Id*. ¶ 15.)

On February 25, 2026, ICE Headquarters Removal and International Operations (HQRIO) informed the local ICE office that Petitioner was added to the list of persons to be nominated for removal to a third country. (*Id*. ¶ 17, PageID.68–69.) On March 3, 2026, Petitioner was served with a continued detention letter which informed him that his detention was reviewed and he would remain detained. (*Id*. ¶ 18, PageID.69.) On March 6, 2026, Petitioner's attorney notified ICE, via email, that Petitioner was not opposed to being removed to a country other than the Democratic Republic of Congo. (*Id*. ¶ 19.) On March 18, 2026, HQRIO affirmed that Petitioner was placed on the third country removal list for removal to Uganda. (*Id*. ¶ 20.) The declarant, Deportation Officer Courtney, states that "removal missions to Uganda are anticipated to occur frequently," that "[r]emoval missions were completed in April and May 2026," and that the declarant is "aware of approximately ten individuals per month [being] . . . removed to Uganda." (*Id*. ¶ 22.) The declarant further states that he is "u[n]able to state at this time when [removal to Uganda] may occur for [Petitioner]." (*Id.*)

On April 21, 2026, Petitioner filed a § 2241 petition challenging his initial detention with this Court. *Mbituyimana v. Lynch*, No. 1:26-cv-1333 (W.D. Mich. filed Apr. 21, 2026). The Court denied Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice, concluding that Petitioner, who had not been detained for more than six months at the time, did not prove that his removal was not reasonably foreseeable. *Mbituyimana v. Lynch*, No. 1:26-cv-1333, 2026 WL 1719386 (W.D. Mich. June 15, 2026). Petitioner commenced this action on June 23, 2026 (ECF No. 1).

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Merits Discussion

Respondents acknowledge that because Petitioner has a final order of removal, Petitioner's present detention is governed by 8 U.S.C. § 1231. (*See* Resp., ECF No. 6, PageID.47–49.) Petitioner contends that his detention is unlawful and violates the Due Process Clause of the Fifth Amendment. (*See* Pet., ECF No. 1, PageID.6.) In response, Respondents argue that Petitioner's continued detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the

constitutional concerns identified in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).[2] (*See* Resp., ECF No. 6, PageID.47–49.)

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of removal became final in 2022. The 90-day removal period following the order expired well before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas v. Davis*, the Supreme Court held that following the removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled a total of six months in detention. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[3] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

---

[2] Although Respondents indicate that Petitioner has past criminal convictions, Respondents do not assert that they are currently detaining Petitioner under any mandatory detention provisions due to Petitioner's past criminal convictions.

[3] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

In this case, Petitioner was most recently taken into custody by ICE on December 9, 2025, and as of June 23, 2026, Petitioner had been in custody for more than six consecutive months. Petitioner argues that there is a good reason to believe that no significant likelihood of removal exists because he has had a final order of removal since 2022, and Respondents continue to be unable to remove Petitioner. In response, Respondents point out that Petitioner was placed on a list of those to be removed to Uganda on March 18, 2026 (Courtney Decl. ¶¶ 20–23, ECF No. 6-1, PageID.69–70) and that approximately 10 noncitizens were removed to Uganda in both April and May 2026. (Resp., ECF No. 6, PageID.49.)  Because Respondents have taken steps in the recent past to effectuate Petitioner's removal to a third country, Petitioner has not met his burden of providing "good reason" to believe that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Petitioner's § 2241 petition will therefore be denied.

## Conclusion

Petitioner has not shown that his detention is presently in violation of 8 U.S.C. § 1231(a)(1)(A).  Accordingly, the Court will enter a judgment denying the habeas petition without prejudice.

Dated: July 23, 2026                    /s/ Hala Y. Jarbou
                                        HALA Y. JARBOU
                                        CHIEF UNITED STATES DISTRICT JUDGE